UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NEW YORK'S HEALTH AND HUMAN
SERVICE EMPLOYEES UNION,
1199/SEIU, AFL-CIO,

                Plaintiff,                 **MEMORANDUM and ORDER**

       – against –                 02 CV 6031 (SLT)(JMA)

ABRAHAM GROSSMAN and CHAIM
SIEGER, Individually and as partners
of Lyden Care Center,

               Defendants.
--------------------------------------------------------X

**TOWNES, United States District Judge:**

      Plaintiff, New York's Health and Human Services Union,

1199/SEIU, AFL-CIO, commenced this action on behalf of its members formerly

employed by Lyden Nursing Home ("Lyden"), a long-term residential adult care

facility.  Plaintiff alleges that defendants, Abraham Grossman and Chaim Sieger,

owners and operators of Lyden, failed to comply with the notice requirements of

the Worker Adjustment and Retraining Nofication Act ("WARN"), 29 U.S.C.

§§ 2101 *et seq.*, when Lyden permanently ceased to operate.  Defendants served

their answer on plaintiff on December 13, 2002, which was filed with the Court

on December 26, 2002.  On May 3, 2004, defendants moved for summary

judgment pursuant to Fed. R. Civ. P. 56 for an order dismissing plaintiff's

complaint in its entirety on the grounds that the closing of Lyden was not a

"plant closing" resulting in "employment loss," which triggered WARN's

statutory notice requirements; and WARN's notice requirements were satisfied by defendants. Plaintiff cross-moved for summary judgment, arguing that both a "plant closing"and a "mass layoff" occurred when Lyden closed, and defendants failed to provide notice as required by WARN.

Before this Court is the Report and Recommendation of U.S. Magistrate Judge Joan M. Azrack, dated May 13, 2005 (the "R&R"), regarding the motion of defendants and cross-motion of plaintiff for summary judgment. Magistrate Judge Azrack recommended that this Court deny defendants' motion and plaintiff's cross-motion for summary judgment on the ground that the affidavits, papers, and Local Rule 56.1 statements submitted by the parties in support of their respective motions create disputed material issues of fact. Additionally, Magistrate Judge Azrack recommended that defendants' motion be denied because the August 1, 2002, memorandum which purports to provide the specific notice required failed to satisfy WARN's statutory requirements. Pursuant to Fed. R. Civ. P. 72(b), defendants objected to certain parts of the R&R and plaintiff responded. In accordance with 28 U.S.C. § 636(b)(1), this Court reviews *de novo* those portions of the R&R to which plaintiff objects.

After carefully reviewing defendants' specific objections, this Court finds each to be without merit, and concludes that material questions of fact abound. Therefore, this Court adopts the R&R in its entirety.

Accordingly, defendants' motion for summary judgment is

DENIED, and plaintiff's cross-motion for summary judgment is DENIED.

SO ORDERED.

Dated:  Brooklyn, New York
        September 28, 2007

*Sandra L. Townes*

SANDRA L. TOWNES
United States District Judge